# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Angela Powell,                                         Case No. 17-cv-5081-JNE-KMM

           Plaintiff,

v.

                                         **NOTICE OF**

Synchrony Bank, N.A.,                            **PRETRIAL CONFERENCE**

           Defendant.

---

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held on **January 9, 2018,** at **2:00 p.m.** in Courtroom 8E in the United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415, before United States Magistrate Judge Kate Menendez.

**Counsel must review the amendments to the Federal Rules of Civil Procedure that are effective December 1, 2015, and be familiar with the amendments before their 26(f) meeting and the Rule 16 Pretrial Conference.**

Counsel must meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure under Local Rule 26.1. No later than three business days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in compliance with the rules using the attached Rule 26(f) template. A copy of the 26(f) Report in Word format should be emailed to Magistrate Judge Menendez at menendez_chambers@mnd.uscourts.gov at the time of the joint filing.

**In addition to the Rule 26(f) Report, each party must email to Magistrate Judge Menendez's chambers a 1-2 page confidential letter setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, and what discovery might be needed prior to such a conference.**

The parties' Rule 26(f) Report must include a proposed discovery plan as required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)–(F) and design a discovery plan that is appropriate for the circumstances of this case. The parties should prepare their proposed plan using the attached Rule 26(f) template, and the details of the discovery plan should be set forth in the Rule 26(f) Report. The discovery schedule and limitations included in the template are intended to guide the parties and should be useful in the ordinary case. However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case.

To the extent that the parties cannot reach agreement on any particular item regarding scheduling or discovery, they should set forth their separate positions in the Rule 26(f) Report for discussion at the pretrial conference.

Counsel who will be trying the case should be present for the conference and have authority to discuss all aspects of the 26(f) Report and scheduling conference topics. If this is not possible, substitute counsel with knowledge about the case and Report should be arranged.

In person appearances at the Rule 16 conference are strongly favored. Any request to participate by telephone must be made by contacting Courtroom Deputy/Judicial Assistant, Kathy Thobe, at 612-664-5140, no later than three business days prior to the pretrial conference.

If any party does not have counsel of record in this case, it is the responsibility of counsel for the plaintiff to immediately notify that party and counsel of this conference and of the requirements set forth in this notice.

Failure of any party or counsel to comply with any part of this Notice, including timely submission of the Rule 26(f) Report and settlement letter to Magistrate Judge Menendez, may result in the postponement of the pretrial conference, an imposition of an appropriate sanction on the party, company, or attorney who failed to comply, or both.

Counsel should contact Magistrate Judge Menendez's Courtroom Deputy/Judicial Assistant, Kathy Thobe, at 612-664-5140, with respect to any matters concerning the pretrial conference.


Date: November 14, 2017                    *s/ Kathy Thobe*
                                           _____
                                           Kathy Thobe
                                           Judicial Assistant/Courtroom Deputy

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

\*\*\*,

               Plaintiff,

v.

\*\*\*,

               Defendant.

Case No. \*\*-cv-\*\*\*\*\*-\*\*\* -KMM

**RULE 26(f) REPORT**
**[TEMPLATE]**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on _____ and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for _____, 20__, before the United States Magistrate Judge Kate Menendez in Courtroom 8E of the U.S. Courthouse in Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

## DESCRIPTION OF THE CASE

1. Concise factual summary of plaintiff's claims:

2. Concise factual summary of defendant's claims/defenses:

3. Statement of jurisdiction (including statutory citations):

4. Summary of factual stipulations or agreements:

5. Statement of whether a jury trial has been timely demanded by any party:

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

1

7. Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

## FACT DISCOVERY

Having conferred about the unique needs of this case, and mindful of the goal of efficiency, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before _____. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before _____.

2. The parties must commence fact discovery in time to be completed by _____. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedures as follows:

   a. ____ interrogatories

   b. ____ document requests

      The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

   c. ____ requests for admission

2

The parties have discussed a protocol for the authentication of documents and agree on the following:

d. ____ factual depositions

e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

f. ____ Rule 35 medical examinations, which will be completed by _____

g. ____ other

## EXPERT DISCOVERY

1. The parties anticipate that they [**will/will not**] require expert witnesses at the time of trial.

    a. The plaintiff anticipates calling _____ (number) experts in the fields of: _____

    b. The defendant anticipates calling _____ (number) experts in the fields of: _____

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Initial experts

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before _____

        ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____

    b. Rebuttal experts

        i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before _____

3

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____

3. All expert discovery, including expert depositions, must be completed by _____

## OTHER DISCOVERY ISSUES

1. Protective Order

   The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [**proposed protective order/report identifying any areas of disagreement**].

   (The parties are encouraged, though not required, to use protective order template available on the District's website as a template for a proposed protective order.)

2. Discovery of Electronically Stored Information

   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: _____

   The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

   The parties will further meet and confer by _____ to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by _____

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

    a. Request the Court to include the following agreement in the scheduling order _____; or

    b. Will include their agreement in the proposed Protective Order

4. The parties:

☐ Agree that a party should be required to request an informal conference with the Court before filing any discovery motion;

☐ Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ Do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion

Before moving for an order relating to discovery, the movant must request a conference with the Court by calling Wendi Tilden, Courtroom Deputy/Judicial Assistant to Magistrate Judge Menendez, at 612-664-5140

## PROPOSED MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by _____

2. Motions seeking to amend the pleadings must be filed and served by _____

3. Non-dispositive motions:

5

a. All non-dispositive motions relating to fact discovery must be filed and served by _____

b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by _____

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed, served, and heard by _____

## TRIAL-READY DATE

1. The parties agree that the case will be ready for trial on or after _____

2. The anticipated length of the [**select one – bench/jury**] trial is ___**days**

3. The parties propose that the final pretrial conference be held on or before _____

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

## SETTLEMENT

The parties discussed settlement [**before/at**] the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

## TRIAL BY MAGISTRATE JUDGE

The parties [**have/have not**] agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: _____                    _____
                                           Plaintiff's Counsel
                                           License #
                                           Address
                                           Phone #


DATE: _____                    _____
                                           Defendant's Counsel
                                           License #
                                           Address
                                           Phone #